IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PAUL LAWRENCE BARNETT,

                Petitioner,

v.                                                   CASE NO. 24-3234-JWL

TOMMY WILLIAMS,

                Respondent.

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and Kansas state prisoner Paul Lawrence Barnett. The Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and will direct Petitioner to show cause in writing why this matter should not be dismissed in its entirety because it was not timely filed.

### Background

In December 2009, a jury in Sedgwick County, Kansas convicted Petitioner of aggravated robbery, kidnapping, attempted aggravated burglary, and aggravated burglary; Petitioner later was sentenced to 307 months in prison. (Doc. 1, p. 1-2); *State v. Barnett*, 2013 WL 4729219, *1 (Kan. Ct. App. Aug. 30, 2013) (unpublished), *rev. denied* June 20, 2014. Petitioner pursued a direct appeal and, in August 2013, the Kansas Court of Appeals (KCOA) affirmed his convictions. *Id*. at *1, 5. The following June, the Kansas Supreme Court (KSC) denied his petition for review. *Id*. Petitioner advises this Court that he did not file a petition for certiorari in the United States Supreme Court. (Doc. 1, p. 3.)

On September 5, 2014, Petitioner filed in Sedgwick County district court a motion seeking

state habeas corpus relief under K.S.A. 60-1507. *See* Kansas District Court Public Access Portal, Sedgwick County Case No. 2104-CV-002454; (Doc. 1, p. 3.) The state district court denied relief in April 2015 and Petitioner filed a notice of appeal. *See* Kansas District Court Public Access Portal, Sedgwick County Case No. 2104-CV-002454. In December 2015, the district court dismissed the appeal under Kansas Supreme Court Rule 5.01 for failure to properly docket. *Id.* It appears that Petitioner then docketed an appeal, but on February 29, 2016, the KCOA dismissed the appeal for lack of jurisdiction. *Id.* On April 4, 2016, the KCOA denied both of Petitioner's motions to reconsider the dismissal and, on June 7, 2016, the KCOA denied Petitioner's subsequent motion to reinstate the appeal. *Id.*

In August 2016, Petitioner filed in Sedgwick County district court a motion to reinstate his notice of appeal from the 60-1507 denial. *Id.* The online records of the Sedgwick County district court reflect that no action was taken on the motion and, in July 2017, Petitioner filed a second motion to reinstate. *Id.* He also filed a document titled "Requesting Notice of Appeal from motion filed reinstate, prison mailbox rule [*sic*]," which the state district court appears to have construed as a notice of appeal. *Id.* The state district court appointed appellate counsel to represent Petitioner, but counsel later was allowed to withdraw and in May 2018, the district court dismissed the second appeal under Kansas Supreme Court Rule 5.01 for failure to properly docket. *Id.*

In May 2019, Petitioner filed in Sedgwick County District Court a second K.S.A. 60-1507 motion. *See* Kansas District Court Public Access Portal, Sedgwick County Case No. 2019-CV-001061. The state district court issued an order on July 12, 2019 in which it denied the motion as untimely and successive. *Id.* Petitioner appealed, but on August 27, 2021, the KCOA affirmed the dismissal on both grounds. *Barnett v. State*, 2021 WL 3822930, *1 (Kan. Ct. App. Aug. 27, 2021) (unpublished).

In May 2022, Petitioner filed a third K.S.A. 60-1507 motion. *See* Kansas District Court Public Access Portal, Sedgwick County Case No. 2022-CV-001068. The district court denied the motion on June 6, 2022, because Petitioner's "grounds for relief [were] either conclusory without any evidentiary basis, or could have been raised in his direct appeal or prior 60-1507 motions." *Id.* Petitioner filed a notice of appeal. The most recent entry on the docket of that matter is a March 2023 order appointing appellate counsel for Petitioner. *Id.*

Meanwhile, 9 days after filing the notice of appeal in his third K.S.A. 60-1507 proceeding, Petitioner filed a fourth K.S.A. 60-1507 motion. *See* Kansas District Court Public Access Portal, Sedgwick County Case No. 2022-CV-001220. On August 12, 2022, the district court issued an order denying the motion as untimely, barred by res judicata, and in violation of the rules of compulsory joinder. *Id.* Petitioner appealed, but the KCOA dismissed the appeal on April 1, 2024 for lack of jurisdiction. *Id.*

In December 2022, while the appeal of the denial of the fourth K.S.A. 60-1507 motion was pending, Petitioner filed a fifth K.S.A. 60-1507 motion. *See* Kansas District Court Public Access Portal, Sedgwick County Case No. 2022-CV-002381. On January 23, 2023, the state district court denied the motion as untimely, barred by res judicata, and in violation of the rules of compulsory joinder. *Id.* Petitioner appealed, but on August 9, 2024, the KCOA affirmed the summary denial of the motion, holding that the motion was untimely and successive. *See Barnett v. State*, 2024 WL 3738160, *1, 4 (Kan. Ct. App. Aug. 9, 2024) (unpublished).

On December 20, 2024, Petitioner filed the pro se petition for federal writ of habeas corpus pursuant to 28 U.S.C. § 2254 that is now before this Court. (Doc. 1.) Because he neither paid the required filing fee nor submitted a motion to proceed in forma pauperis (IFP), meaning without prepayment of the filing fee, this Court issued a notice of deficiency (NOD) directing Petitioner to

3

either pay the fee or submit a motion to proceed IFP. (Doc. 2.) Petitioner remains obligated to comply with the deadline set forth in the NOD. If Petitioner fails to timely comply with the NOD, this matter may be dismissed without further prior notice to him. The Court has proceeded, however, and conducted the initial screening of the petition as required by Rule 4.

## Standard of Review

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Because Petitioner is proceeding pro se, the Court liberally construes his filings. *See Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of Petitioner's advocate and it will not construct arguments for him. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## Analysis

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). The United States Supreme Court has held that direct review concludes—making a judgment "final"—when an individual has exhausted his or her opportunity for direct appeal to the state courts and his or her opportunity to request review by the United States Supreme Court. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Rule 13(1) of the Rules of the Supreme Court of the United States allows ninety days from the date of the conclusion of direct appeal to seek certiorari, and the Tenth Circuit has explained that "if a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after [her] direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires." *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003).

In this matter, the KSC denied review of Petitioner's direct appeal on June 20, 2014. Petitioner therefore had until and including August 18, 2014[1] to file a petition for certiorari in the United States Supreme Court. As noted above, Petitioner has advised that he did not file a petition for certiorari, so on August 19, 2014, the one-year AEDPA limitation period began to run. Under the "anniversary method" used in the Tenth Circuit, the final day for Petitioner to timely file his § 2254 petition in this Court was August 19, 2015. *See Hurst*, 322 F.3d at 1261-62.

The AEDPA also includes a tolling provision: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

---

[1] Rule 30 of the Rules of the Supreme Court of the United States explains that "the day of the act, event, or default from which the designated period begins to run is not included" but "[t]he last day of the period shall be included, unless it is a Saturday, Sunday, federal legal holiday" or another day on which the court is closed. For Petitioner, the 90-day period to file a petition for certiorari therefore began on June 20, 2014 and ran through August 18, 2014.

judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In this case, that means that the one-year AEDPA limitation period was tolled, or paused, when Petitioner filed his K.S.A. 6-1507 motion on September 5, 2014. The Tenth Circuit has explained that when this type of statutory tolling applies, the number of days that the relevant state-court matter is pending "is added to the one-year anniversary date to establish the final deadline for filing a § 2254 application in federal court." *Stuart v. Utah*, 449 Fed. Appx. 736, 738 (10th Cir. Nov. 30, 2011) (unpublished) (citing *Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011)).

The Tenth Circuit has explained that in this context, "pending" means "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *See Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). In this matter, the Court will assume—solely for the purposes of this initial timeliness analysis[2]—that Petitioner's motions asking the KCOA to reconsider affirming the district court's denial of his first 60-1507 motion tolled the AEDPA statute of limitations.[3] The final KCOA order related to those motions was issued on June 7, 2016, well past the time in which Petitioner could have filed a petition for review by the KSC. *See* Kan. S. Ct. R. 70.5 (b) ("A motion for rehearing or modification . . . does not extend the time for filing a petition for review by the Supreme Court.").

Proceeding under this assumption, Petitioner's first K.S.A. 60-1507 was pending from September 5, 2014 through June 7, 2016, for a total of 642 days. When those days are added to the

---

[2] If this case progresses beyond screening and Respondent wishes to argue that one or all of these motions were not "proper use of state court procedures," such argument will be considered at that time.
[3] Petitioner's later efforts in the state district court to reinstate his appeal cannot be presumed to be "proper use of state court procedures," so they are not included in this tolling analysis. This Court is aware of no legal authority by which a state district court could reinstate an appeal over which a state appellate court has held it lacks jurisdiction. If Petitioner is aware of such legal authority, he should identify it in the response to this order.

6

original one-year anniversary date of August 19, 2015, it gives the new filing deadline for this matter:  May 22, 2017.

Petitioner's second, third, fourth, and fifth 60-1507 motions do not affect the analysis for two reasons. First, "[o]nly state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations." *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (citations omitted). Petitioner's second 60-1507 motion was filed in May 2019, approximately 2 years past the May 2017 expiration of the AEDPA one-year federal habeas statute of limitations, and all subsequent 60-1507 motions were filed thereafter.

Second, the state district court and the KCOA held that Petitioner's second, third, fourth, and fifth 60-1507 motions were untimely. "[T]ime limits, no matter their form, are 'filing' conditions," so when a state court rejects a motion for post-conviction relief as untimely, "it was not 'properly filed,' and [the petitioner] is not entitled to statutory tolling under § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005); *see also Allen v. Siebert*, 552 U.S. 3, 5-7 (2007) (reaffirming *Pace* and holding that it does not matter whether the time limit in question "is jurisdictional, an affirmative defense, or something in between"—it is still a filing condition).

Finally, Petitioner's efforts to obtain DNA testing via a motion filed in his criminal case approximately 4 years after his direct appeal was final, do not affect the tolling analysis. *State v. See State v. Barnett*, 2021 WL 300700, *1 (Kan. Ct. App. Jan. 29, 2021) (unpublished) (outlining efforts for DNA testing by Petitioner). The Tenth Circuit has long held that a motion for DNA testing is not the type of "application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" that tolls the federal habeas statute of limitations under 28 U.S.C. § 2244(d)(2). *See Woodward v. Cline*, 693 F.3d 1289, 1292-94 (10th Cir. 2012).

In the portion of the petition for addressing timeliness, Petitioner's arguments are less than

7

clear. He states that with respect to his first 60-1507 proceeding, he "did all that was ask[ed] of [him]." (Doc. 1, p. 13.) He then refers to a "2016 60-1507," but none of the information now before this Court reflects that Petitioner filed a 60-1507 motion in 2016. With respect to the "2016 60-1507" motion, it appears that Petitioner argues that ineffective assistance of counsel resulted in the failure to raise certain grounds for relief, which Petitioner then attempted to raise in later 60-1507 motions. *Id.* To the extent that Petitioner intends to assert that he is entitled to equitable tolling due to ineffective assistance of counsel, equitable tolling is addressed below. Finally, Petitioner advises that there is currently a case pending in the "Supreme Court," so he requests a stay of this matter. *Id.* Even liberally construing these arguments, the Court is not persuaded that Petitioner is entitled to additional tolling of the federal habeas deadline.

Thus, based on the analysis set forth above, Petitioner had until the end of Monday, May 22, 2017 to file his § 2254 petition for federal writ of habeas corpus. Yet Petitioner did not file this federal habeas petition until December 20, 2024. Thus, this petition was not timely filed.

**Equitable Tolling**

The one-year limitation period is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). Equitable tolling is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 127, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include, "for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 232 F.3d at 808 (internal citations omitted).

As noted above, when the pro se petition is liberally construed, it seems that Petitioner may intend to assert that he is entitled to equitable tolling due to ineffective assistance of counsel. If this is so, he has failed to allege sufficient facts to show that entitlement. Petitioner must assert facts that support the conclusion that counsel's ineffectiveness prevented Petitioner from timely filing this federal habeas petition. He must also show that he was diligently pursuing his claims during the time he wishes this Court to toll the federal habeas statute of limitations. Petitioner is advised that "[s]imple excusable neglect [by an attorney] is not sufficient" to warrant equitable tolling. *Gibson*, 232 F.3d at 808 (citation omitted).

**Actual Innocence**

An exception to the AEDPA statute of limitations exists where a petitioner adequately asserts actual innocence. In federal court, "actual innocence 'serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations.'" *Fontenot v. Crow*, 4 F.4th 982, 1030 (10th Cir. 2021) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)). "Actual innocence means 'factual innocence not mere legal insufficiency.'" *O'Bryant v. Oklahoma*, 568 Fed. Appx. 632, 637 (10th Cir. 2014) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). This is because the actual innocence exception exists to provide an avenue to remedy "the conviction of one who is actually innocent." *Bousley*, 523 U.S. at 623-24.

To benefit from the actual innocence exception to the federal habeas statute of limitations, Petitioner is not required to conclusively exonerate himself. *See Fontenot v. Crow*, 4 F.4th 982, 1030 (10th Cir. 2021). Rather, he must identify "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). He "must establish that, in light

9

of [this] new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell* 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at 327). Even liberally construing the petition now before the Court, Petitioner has not done so.

In summary, this matter does not appear to have been timely filed and Petitioner has not shown entitlement to either equitable tolling or the actual innocence exception to the federal habeas statute of limitations. Therefore, the Court will direct Petitioner to show cause in writing why this matter should not be dismissed as time-barred. If Petitioner successfully does so, the Court will resume the Rule 4 screening and issue further orders as necessary. If Petitioner fails to timely submit a response to this order, this matter will be dismissed as untimely without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED THAT** Petitioner is granted until and including **February 3, 2025**, in which to show cause, in writing, why this matter should not be dismissed due to his failure to commence it within the one-year time limitation. The failure to timely respond to this order will result in this matter being dismissed without further prior notice to Petitioner.

**IT IS SO ORDERED.**

DATED:   This 2nd day of January, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge
