IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PAUL LAWRENCE BARNETT,

                Petitioner,

    v.                                             CASE NO. 24-3234-JWL

TOMMY WILLIAMS,

                Respondent.

## MEMORANDUM AND ORDER

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and Kansas state prisoner Paul Lawrence Barnett. The Court conducted an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and, on January 2, 2025, issued a notice and order to show cause directing Petitioner to show cause in writing why this matter should not be dismissed in its entirety because it was not timely filed. (Doc. 3.) Petitioner timely filed a response to the NOSC (Doc. 4), which is now before the Court. For the reasons stated below, the Court concludes that this matter must be dismissed as time-barred.

### Background

A detailed recitation of the background of this matter is set forth in the NOSC; in this memorandum and order, the Court will summarize those facts. (Doc. 4, p. 1-3.) In December 2009, a jury in Sedgwick County, Kansas convicted Petitioner of aggravated robbery, kidnapping, attempted aggravated burglary, and aggravated burglary; Petitioner later was sentenced to 307 months in prison. (Doc. 1, p. 1-2); *State v. Barnett*, 2013 WL 4729219, *1 (Kan. Ct. App. Aug. 30, 2013) (unpublished), *rev. denied* June 20, 2014. Petitioner pursued a direct appeal and, in

1

August 2013, the Kansas Court of Appeals (KCOA) affirmed his convictions. *Id*. at *1, 5. The Kansas Supreme Court (KSC) denied his petition for review in June 2014 and Petitioner did not file a petition for certiorari in the United States Supreme Court. *Id.* (*See also* Doc. 1, p. 3.)

On September 5, 2014, Petitioner filed in Sedgwick County district court a motion seeking state habeas corpus relief under K.S.A. 60-1507. *See* Kansas District Court Public Access Portal, Sedgwick County Case No. 2104-CV-002454; (Doc. 1, p. 3.) The state district court denied relief and Petitioner filed a notice of appeal. *See* Kansas District Court Public Access Portal, Sedgwick County Case No. 2104-CV-002454. After the district court dismissed the appeal under Kansas Supreme Court Rule 5.01 for failure to properly docket, Petitioner docketed an appeal that the KCOA dismissed on February 29, 2016 for lack of jurisdiction. *Id.* The KCOA also denied Petitioners subsequent motions to reconsider the dismissal and to reinstate the appeal. *Id.*

In May 2019, Petitioner filed in Sedgwick County District Court a second K.S.A. 60-1507 motion. *See* Kansas District Court Public Access Portal, Sedgwick County Case No. 2019-CV-001061. The state district court denied the motion as untimely and successive and on August 27, 2021, the KCOA affirmed the dismissal on both grounds. *Barnett v. State*, 2021 WL 3822930, *1 (Kan. Ct. App. Aug. 27, 2021) (unpublished). In May 2022, Petitioner filed a third K.S.A. 60-1507 motion. *See* Kansas District Court Public Access Portal, Sedgwick County Case No. 2022-CV-001068. The district court denied the motion on June 6, 2022. *Id.*

Shortly after filing the notice of appeal in his third K.S.A. 60-1507 proceeding, Petitioner filed a fourth K.S.A. 60-1507 motion. *See* Kansas District Court Public Access Portal, Sedgwick County Case No. 2022-CV-001220. The district court denied the motion as untimely, barred by res judicata, and in violation of the rules of compulsory joinder and the KCOA dismissed the subsequent appeal in April 2024 for lack of jurisdiction. *Id.* In December 2022, while the appeal

of the fourth K.S.A. 60-1507 motion was pending, Petitioner filed a fifth K.S.A. 60-1507 motion. *See* Kansas District Court Public Access Portal, Sedgwick County Case No. 2022-CV-002381. The state district court denied the motion and, on August 9, 2024, the KCOA affirmed, holding that the motion was untimely and successive. *See Barnett v. State*, 2024 WL 3738160, *1, 4 (Kan. Ct. App. Aug. 9, 2024) (unpublished).

On December 20, 2024, Petitioner filed his pro se petition for federal writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court. (Doc. 1.) The Court conducted the initial review required by Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts and, on January 5, 2025, this Court issued a notice and order to show cause (NOSC) directing Petitioner to show cause why this matter should not be dismissed as untimely. (Doc. 3.)

After setting forth the relevant procedural history, the NOSC stated:

> In this matter, the KSC denied review of Petitioner's direct appeal on June 20, 2014. Petitioner therefore had until and including August 18, 2014[1] to file a petition for certiorari in the United States Supreme Court. As noted above, Petitioner has advised that he did not file a petition for certiorari, so on August 19, 2014, the one-year AEDPA limitation period began to run. Under the "anniversary method" used in the Tenth Circuit, the final day for Petitioner to timely file his § 2254 petition in this Court was August 19, 2015. *See Hurst*, 322 F.3d at 1261-62.
>
> The AEDPA also includes a tolling provision: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In this case, that means that the one-year AEDPA limitation period was tolled, or paused, when Petitioner filed his K.S.A. 6-1507 motion on September 5, 2014. The Tenth Circuit has explained that when this type of statutory tolling applies, the number of days that the relevant state-court matter is pending "is added to the one-year anniversary date to establish the final deadline for filing a § 2254 application in federal court." *Stuart v. Utah*, 449 Fed. Appx. 736, 738 (10th Cir. Nov. 30, 2011) (unpublished) (citing *Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011)).

---

[1] Rule 30 of the Rules of the Supreme Court of the United States explains that "the day of the act, event, or default from which the designated period begins to run is not included" but "[t]he last day of the period shall be included, unless it is a Saturday, Sunday, federal legal holiday" or another day on which the court is closed. For Petitioner, the 90-day period to file a petition for certiorari therefore began on June 20, 2014 and ran through August 18, 2014.

The Tenth Circuit has explained that in this context, "pending" means "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *See Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). In this matter, the Court will assume—solely for the purposes of this initial timeliness analysis[2]—that Petitioner's motions asking the KCOA to reconsider affirming the district court's denial of his first 60-1507 motion tolled the AEDPA statute of limitations.[3] The final KCOA order related to those motions was issued on June 7, 2016, well past the time in which Petitioner could have filed a petition for review by the KSC. *See* Kan. S. Ct. R. 70.5 (b) ("A motion for rehearing or modification . . . does not extend the time for filing a petition for review by the Supreme Court.").

Proceeding under this assumption, Petitioner's first K.S.A. 60-1507 was pending from September 5, 2014 through June 7, 2016, for a total of 642 days. When those days are added to the original one-year anniversary date of August 19, 2015, it gives the new filing deadline for this matter: May 22, 2017.

Petitioner's second, third, fourth, and fifth 60-1507 motions do not affect the analysis for two reasons. First, "[o]nly state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations." *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (citations omitted). Petitioner's second 60-1507 motion was filed in May 2019, approximately 2 years past the May 2017 expiration of the AEDPA one-year federal habeas statute of limitations, and all subsequent 60-1507 motions were filed thereafter.

Second, the state district court and the KCOA held that Petitioner's second, third, fourth, and fifth 60-1507 motions were untimely. "[T]ime limits, no matter their form, are 'filing' conditions," so when a state court rejects a motion for post-conviction relief as untimely, "it was not 'properly filed,' and [the petitioner] is not entitled to statutory tolling under § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005); *see also Allen v. Siebert*, 552 U.S. 3, 5-7 (2007) (reaffirming *Pace* and holding that it does not matter whether the time limit in question "is jurisdictional, an affirmative defense, or something in between"—it is still a filing condition).

Finally, Petitioner's efforts to obtain DNA testing via a motion filed in his criminal case approximately 4 years after his direct appeal was final, do not affect the tolling analysis. *State v. See State v. Barnett*, 2021 WL 300700, *1 (Kan. Ct. App. Jan. 29, 2021) (unpublished) (outlining efforts for DNA testing by Petitioner).

---

[2] If this case progresses beyond screening and Respondent wishes to argue that one or all of these motions were not "proper use of state court procedures," such argument will be considered at that time.

[3] Petitioner's later efforts in the state district court to reinstate his appeal cannot be presumed to be "proper use of state court procedures," so they are not included in this tolling analysis. This Court is aware of no legal authority by which a state district court could reinstate an appeal over which a state appellate court has held it lacks jurisdiction. If Petitioner is aware of such legal authority, he should identify it in the response to this order.

> The Tenth Circuit has long held that a motion for DNA testing is not the type of "application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" that tolls the federal habeas statute of limitations under 28 U.S.C. § 2244(d)(2). *See Woodward v. Cline*, 693 F.3d 1289, 1292-94 (10th Cir. 2012).
>
> In the portion of the petition for addressing timeliness, Petitioner's arguments are less than clear. He states that with respect to his first 60-1507 proceeding, he "did all that was ask[ed] of [him]." (Doc. 1, p. 13.) He then refers to a "2016 60-1507," but none of the information now before this Court reflects that Petitioner filed a 60-1507 motion in 2016. With respect to the "2016 60-1507" motion, it appears that Petitioner argues that ineffective assistance of counsel resulted in the failure to raise certain grounds for relief, which Petitioner then attempted to raise in later 60-1507 motions. *Id.* To the extent that Petitioner intends to assert that he is entitled to equitable tolling due to ineffective assistance of counsel, equitable tolling is addressed below. Finally, Petitioner advises that there is currently a case pending in the "Supreme Court," so he requests a stay of this matter. *Id.* Even liberally construing these arguments, the Court is not persuaded that Petitioner is entitled to additional tolling of the federal habeas deadline.
>
> Thus, based on the analysis set forth above, Petitioner had until the end of Monday, May 22, 2017 to file his § 2254 petition for federal writ of habeas corpus. Yet Petitioner did not file this federal habeas petition until December 20, 2024. Thus, this petition was not timely filed.

(Doc. 3, p. 5-8 (footnotes in original).)

The NOSC acknowledged, however, that Petitioner may believe that he is entitled to additional statutory or equitable tolling or that he is entitled to the actual innocence exception to the statute of limitations. *Id.* at 8-10. Thus, the NOSC explained the circumstances under which equitable tolling is available and under which the actual innocence exception applies and it granted Petitioner time in which to show cause why this matter should not be dismissed as time-barred. *Id.* at 10. Petitioner timely filed his response on January 21, 2025. (Doc. 4.)

## Analysis

The response consists of an excerpt from an appellate brief filed in the KCOA during an appeal from the denial of one of Petitioner's K.S.A. 60-1507 motions. *Compare* (Doc. 4, p. 1-13) *with* Brief of Appellant filed in *Barnett v. State*, Appeal No. 126,267, 2023 WL 9285426, *12-24

5

(filed Nov. 9, 2023). It sets forth the standard of review for the denial of a 60-1507 motion, argues that Petitioner sufficiently established manifest injustice to avoid the time limitation for filing a 60-1507 motion, asserts a claim of legal innocence, and argues that exceptional circumstances exist to justify hearing a second or successive 60-1507 motion. (Doc. 4, p. 1-13.) Petitioner does not explain how these legal concepts apply in the context of an untimely petition for federal writ of habeas corpus under 28 U.S.C. § 2254, nor does he make any argument specifically regarding the timeliness of the federal habeas petition now before the Court.

Even liberally construing the response, Petitioner does not allege facts that show he is entitled to statutory or equitable tolling in addition to that which was included in the analysis set forth in the NOSC. Moreover, although the response contains an argument regarding "legal innocence," the NOSC explained that in the federal habeas context, "[a]ctual innocence means factual innocence not mere legal insufficiency." (Doc. 3, p. 9 (citation and internal quotation marks omitted).) Thus, even liberally construing the response to the NOSC, the Court maintains its prior conclusion that this matter must be dismissed as time-barred. Because this matter must be dismissed as time-barred, Petitioner need not comply with the notice of deficiency (Doc. 2) issued in this matter.

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. A COA may issue only if the petitioner made a substantial showing of the denial of a constitutional rights. 28 U.S.C. § 2253(c)(2).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and

that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that the procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED THAT** this matter is dismissed with prejudice as time-barred. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED: This 21st day of January, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge